UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KAREN LESTER-MAHAFFE,  3:11-cv-1360-TC

Plaintiff,

v.  FINDINGS AND RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner Social
Security Administration,

Defendant.

COFFIN, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for Social Security Disability insurance benefits pursuant to 42 U.S.C. §§ 416 and 423. For the following reasons I recommend that this court affirm the Commissioner's decision consistent with the findings below.

Plaintiff asserts disability beginning on April 18, 2007 due to medical conditions, persistent pain and depression. After a hearing, the administrative law judge (ALJ) determined that plaintiff is not disabled based upon the five-step sequential evaluation process for disability. 20 C.F.R. §§ 404.1520(a) and 416.920(a); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The ALJ determined that plaintiff has the following severe impairments: degenerative disk

Page 1 - FINDINGS AND RECOMMENDATION

disease of the lumbar spine, depression, posttraumatic stress disorder, and obesity with significant weight reduction after lap bound surgery. Tr. 26, 497-499. The ALJ further determined based upon the medical evidence of the record that while these impairments are severe, the impairments neither meet nor medically equal one of the listed impairments in 20 CFR 404.1520(d), 404.1525 and 404.1526 as required for a finding of disability. Tr. 25-26. Plaintiff's hypertension does not constitute a severe medically determinable impairment. Tr. 25.

Plaintiff asserts that the ALJ erred in rejecting Dr. Daphne Maurer's opinion. The ALJ can reject a treating or examining physician's opinion that is inconsistent with the opinions of other treating or examining physicians, if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ attributed "limited weight" to Dr. Maurer's opinion set forth in the mental impairment questionnaire, explaining that it is inconsistent with objective medical evidence and with the plaintiff's reported activities. Tr. 33, 736-742. A mental functional capacity assessment of plaintiff by the State agency consultant was within normal limits. Additionally, reviewing psychologist Phyllis Brister, Ph.D. determined that plaintiff retained the ability to do unskilled work. Tr. 745.[1] Furthermore, plaintiff's own testimony indicated a greater functional capacity than Dr. Maurer found in that plaintiff is able to perform household chores, shop for groceries, attend medical appointments unaccompanied and travel. Tr. 33, 736-742. She testified she is able to use the

---

[1] Moreover, the plaintiff's physical condition has also appeared to improved. Both Dr. Eric Varboncouer and Dr. Per Freitag, reported marked improvement in plaintiff's back pain following plaintiff's surgery in April 2008, about the same time that Dr. Maurer completed her questionnaire. Tr. 29, 681-692, 856-902. A nerve conduction study of bilateral lower extremities in September 2009 proved normal revealing no motor weakness or wasting of the muscles. A sensory examination was unremarkable. Knee and ankle jerks were 1+ bilaterally. Tr. 30.

Page 2 - FINDINGS AND RECOMMENDATION

computer, drive and participate in job interviews. Tr. 33.[2] I find the ALJ properly chose to reject Dr. Maurer's opinions and conclusions based on substantial evidence in the record.[3]

Plaintiff asserts that the ALJ erred in rejecting plaintiff's testimony. "In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." Bray v. Comm'r of SSA, 554 F.3d 1219, 1227 (9th Cir. 2009). The ALJ determined that plaintiff's activities of daily living reflect a higher level of functioning than what she has alleged in her application and testimony. Tr. 31, 34.[4] The ALJ cited plaintiff's incidents of noncompliance with her medication and voluntary termination of treatment as evidence that plaintiff either did not have a sincere interest in achieving medical and functional improvement or that improvement had, in fact, occurred such that past treatment was no longer necessary. Tr. 32. Furthermore, the ALJ cites plaintiff's history of illegal drug use as a reason to discredit plaintiff's testimony. Tr. 32, 351.[5] Finally, plaintiff's job-seeking behavior, her consideration of graduate school, and her sporadic work history are all reasons the ALJ treats

---

[2] The ALJ, citing the State agency physical consultant, did reiterate that plaintiff should never climb ladders, ropes or scaffolds - a determination that was incorporated into plaintiff's residual functional capacity. However, plaintiff retains the ability to lift 20 pounds occasionally and 10 pounds frequently and can stand or walk for six of eight workday hours. Tr. 33, 673-680.

[3] Plaintiff also raises the issue that Dr. Maurer's opinion establishes that plaintiff's mental impairments meet paragraph C of Listing 12.04. Tr. 740. Since, however, Dr. Maurer's opinion has been controverted by objective medical evidence and plaintiff's reported activities, plaintiff's mental impairments do not meet or equal Listing 12.04 for a finding of disability.

[4] Plaintiff's medications consisted of Cogentin, Cymbalta, Trazodone, Geodon, Klonopin, and Xanax. Plaintiff's own testimony indicated she no longer takes these medications, and, is thus no longer susceptible to their adverse side effects. Rather plaintiff now sees a naturopath for acupunture treatment and massage therapy. Tr. 30, 32-33, 736-742.

[5] In November 2004, plaintiff reported marijuana use corroborated by a urine drug screen. She reported smoking recreational marijuana a couple weekends a month. The ALJ cited this as inconsistent with Plaintiff's work as a drug abuse counselor and for her previous addictions to cocaine and methamphetamines.

Page 3 - FINDINGS AND RECOMMENDATION

plaintiff's testimony with caution. Tr. 34. I find the ALJ did not err in limiting the weight of plaintiff's testimony.

Plaintiff asserts that the ALJ erred in rejecting the lay witness statements of plaintiff's ex-husband. "If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons that are germane to each witness." Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009) [internal quotations omitted]. Plaintiff's ex-husband described plaintiff being able to perform many tasks but experiencing some difficulty with certain undertakings. Tr. 34.[6] While the ALJ noted that plaintiff's ex-spouse has a personal relationship with the plaintiff and lacks the expertise and possibly the motivation to offer an objective or functional assessment, the ex-husband's statements were still given some weight because they are generally consistent with the medical evidence and plaintiff's allegations as to her daily activities. Tr. 33-34, 257-265. I find that the ALJ found germane reasons for partially rejecting plaintiff's ex-husband's statements and did not err in weighing the evidence accordingly.

Finally, plaintiff asserts the ALJ erred because the ALJ's vocational hypothetical was invalid. Vocational expert opinion evidence is reliable if the hypothetical sets out all the limitations and restrictions of the particular claimant. Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009). The ALJ determined that plaintiff is limited to less than the full range of light work given that she should never climb ladders, ropes or scaffolds, and should only occasionally climb ramps and stairs, stoop, kneel, crouch and crawl. Tr. 30, 673-680. The ALJ relied upon the vocational

---

[6]Plaintiff's ex-husband stated that plaintiff could perform tasks involving her personal care, cooking, washing dishes, doing laundry, vacuuming, driving, shopping, using a checkbook and counting change, reading, watching television, taking care of a household pet, and interacting with family, friends, neighbors and others. However, plaintiff's ex-husband also stated that plaintiff's impairments affected her ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, remember, understand, complete tasks, concentrate, and follow instructions.

Page 4 - FINDINGS AND RECOMMENDATION

expert's findings that there are jobs that exist in significant numbers in the economy that plaintiff can perform under the existing limitations. Tr. 35.[7] I find that the ALJ's hypothetical sets out all the limitations and restrictions of the plaintiff and, thus, the vocational hypothetical was not invalid.

In considering all of plaintiff's impairments supported by the record, I find the ALJ appropriately concluded that plaintiff retains the ability to perform other work. Accordingly, I find the ALJ did not err in finding plaintiff not disabled.

## CONCLUSION

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

I recommend the decision of the Commissioner be affirmed.

DATED this 27 day of December, 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge

---

[7] Production Assembler, DOT#706.687-010; Airline Food Assembler, DOT #319.484-010.