IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAREN LESTER-MAHAFFEY,　　　　　　　　　　Case No. 3:11-1360-TC

　　　Plaintiff,　　　　　　　　　　　　　　　　ORDER

　v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

　　　Defendant.
_____

AIKEN, Chief Judge:

　　On December 27, 2012, Magistrate Judge Coffin filed a Findings and Recommendation and recommended that the decision of the Commissioner be affirmed in the above-captioned action. The matter is now before me. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's

1　- ORDER

report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiff filed timely objections to the Findings and Recommendation. I have, therefore, given de novo review of Judge Coffin's opinion, and I affirm the decision of the Commissioner.

Generally, plaintiff disagrees with the consideration of the evidence by the Administrative Law Judge (ALJ). However, the court must defer to the ALJ's determination if supported by the record, and I find that the ALJ's findings are supported at step three and with respect to plaintiff's credibility and lay witness testimony.

The most troubling aspect in this case is the ALJ's rejection of Dr. Maurer's opinion. Dr. Maurer was a treating psychiatrist and opined that plaintiff suffered from numerous symptoms related to her depression, including poor concentration and the inability to perform simple tasks or tolerate even minor stress. Tr. 736-38. As the Commissioner acknowledges, acceptance of Dr. Maurer's opinion would lead to a finding of disability. Def.'s Brief at 8.

The ALJ rejected Dr. Maurer's opinion, finding it inconsistent with the "objective medical evidence" as well as plaintiff's reported activities. However, the ALJ did not identify what objective evidence conflicted with Dr. Maurer's opinion. Further, the non-examining psychologists relied on by the ALJ and the Commissioner did not review Dr. Maurer's assessment. Tr. 501, 745. Regardless, "[t]he opinion of a nonexamining physician cannot by

2   - ORDER

itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995).

However, in discounting Dr. Maurer's assessment, the ALJ also relied on plaintiff's reported activities, including looking and interviewing for jobs, and plaintiff's recent improvement and discontinued use of medications. Tr. 32-33. At the administrative hearing, plaintiff testified to improvement in her condition and her discontinuance of anti-depressant medication, and also indicated that she consistently looked for employment. Tr. 52-53, 61-64.

While plaintiff disagrees with the ALJ's consideration of this evidence, if more than one interpretation of the evidence is plausible, the court must defer to that interpretation. Plaintiff's testimony reflects improvement in her condition since she was treated by Dr. Maurer and is not necessarily consistent with the degree of impairment noted by Dr. Maurer. The court might have viewed this evidence differently; however, given the standard of review, I cannot find the ALJ's interpretation irrational. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

///

///

///

///

3    - ORDER

Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Coffin's Findings and Recommendation (doc. 19) filed December 27, 2012 is ADOPTED as explained above, and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated this 26th day of March, 2013.

_____
Ann Aiken
United States District Judge